IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF TENNESSEE

In re

                Case No. 09-33312

RICHARD TRAVIS GREENE
DEANA SHEA GREENE

    Debtors


**MEMORANDUM ON MOTION FOR STAY PENDING APPEAL
AND FOR APPROVAL OF SUPERSEDEAS BOND**


**APPEARANCES:**  LAW OFFICES OF MAYER & NEWTON
    John P. Newton, Jr., Esq.
    1111 Northshore Drive
    Suite S-570
    Knoxville, Tennessee 37919
    Attorneys for Chapter 7 Trustee

    BRADLEY ARANT BOULT CUMMINGS, LLP
    Austin L. McMullen, Esq.
    1600 Division Street
    Suite 700
    Nashville, Tennessee 37203
    Attorneys for Bank of America

    GAIL F. WORTLEY, ESQ.
    3715 Powers Street
    Knoxville, Tennessee 37917
    Attorney for Debtors

    SAMUEL K. CROCKER, ESQ.
    UNITED STATES TRUSTEE
    Patricia C. Foster, Esq.
    Howard H. Baker, Jr. United States Courthouse
    800 Market Street
    Suite 114
    Knoxville, Tennessee 37902
    Attorneys for United States Trustee


**RICHARD STAIR, JR.**
**UNITED STATES BANKRUPTCY JUDGE**

Before the court are the following: (1) Motion for Stay Pending Appeal and for Approval of Supersedeas Bond (Motion for Stay Pending Appeal) filed by Bank of America on January 26, 2012, asking for a stay of the court's Order entered on January 26, 2012, approving the Trustee's Final Report filed by the United States Trustee on December 6, 2011, on behalf of John P. Newton, Jr., Chapter 7 Trustee (Trustee), approving the Application for Allowance of Compensation and Reimbursement of Expenses filed by the Trustee on December 6, 2011, and approving the Application for Compensation by the Attorney for the Trustee filed by Mr. Newton and the Law Offices of Mayer and Newton on December 6, 2011 (January 26, 2012 Order); and (2) Motion for Emergency/Expedited Consideration of its Motion for Stay Pending Appeal and for Approval of Supersedeas Bond (Motion for Emergency/Expedited Consideration) also filed on January 26, 2012, by Bank of America. On January 27, 2012, the Trustee filed the Trustee's Response to Motion for Stay Pending Appeal by Bank of America.

Through its Motion for Stay Pending Appeal, Bank of America seeks a stay of the January 26, 2012 Order pursuant to Rule 8005 of the Federal Rules of Bankruptcy Procedure which provides, in part, that "the bankruptcy judge may suspend or order the continuation of other proceedings in the case under the Code or make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest." FED. R. BANKR. P. 8005. It is within a court's discretion to grant a stay pending appeal, focusing on a standard similar to that for a preliminary injunction: "(1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest

in granting the stay." *Coal. to Defend Affirmative Action v. Granholm*, 473 F.3d 237, 244 (6th Cir. 2006) (quoting *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991)); *In re Holstine*, 458 B.R. 392, 394 (Bankr. E.D. Mich. 2011). The moving party "need not satisfy all elements, but rather the Court is to balance the factors." *In re Seidel*, 443 B.R. 411, 413 (Bankr. S.D. Ohio 2011); *see also Granholm*, 473 F.3d at 244 ("All four factors are not prerequisites but are interconnected considerations that must be balanced together.").

> In essence, a party seeking a stay must ordinarily demonstrate to a reviewing court that there is a likelihood of reversal. Presumably, there is a reduced probability of error, at least with respect to a court's findings of fact, because the district court had the benefit of a complete record that can be reviewed by this court when considering the motion for a stay.
>
> To justify the granting of a stay, however, a movant need not always establish a high probability of success on the merits. The probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury plaintiffs will suffer absent the stay. Simply stated, more of one excuses less of the other. This relationship, however, is not without its limits; the movant is always required to demonstrate more than the mere "possibility" of success on the merits. For example, even if a movant demonstrates irreparable harm that decidedly outweighs any potential harm to the defendant if a stay is granted, he is still required to show, at a minimum, "serious questions going to the merits."

*Griepentrog*, 945 F.2d at 153-54 (internal citations omitted).

> "A motion for stay pending appeal under Bankruptcy Rule 8005 'is an extraordinary remedy and requires a substantial showing on the part of the movant.'" *In re F.G. Metals, Inc.*, 390 B.R. 467, 471 (Bankr. M.D. Fla. 2008) (quoting *In re Cusson*, 2008 WL 594456, at *2 (Bankr. D. Vt. Feb. 22, 2008)). "Although no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000).

*McKinstry v. Sergent (In re Black Diamond Min. Co., LLC)*, 2011 WL 4433624, at *4 (Bankr. E.D. Ky. Sept. 21, 2011); *see also In re Mains*, 451 B.R. 428, 430 (Bankr. W.D. Mich. 2011) ("[A] stay of proceedings, as opposed to a stay of the order itself, is to be ultimately decided based upon what

3

will best protect the interests of all parties[.]"). As the party seeking the stay, Bank of America bears the burden of proof by a preponderance of the evidence that it is entitled to a stay of the January 26, 2012 Order. *In re Player Wire Wheels, Ltd.*, 428 B.R. 767, 771 (Bankr. N.D. Ohio 2010).

"There is an inherent contradiction in a bankruptcy judge concluding that the district court will likely reverse him on appeal." *In re Barrett*, 1993 WL 52846, at *1 (Bankr. N.D. Ohio Feb. 26, 2003); however, "the movant is not required to convince the Court that its order was incorrect" so long as the movant raises "series questions going to the merits." *Seidel*, 443 B.R. at 414 (quoting *Griepentrog*, 945 F.2d at 153). In support of its argument that it stands a likelihood of success on appeal, Bank of America argues, as it has previously, that the March 11, 2011 Judgment entered by this court (Bankruptcy Court) in *Newton v. Bank of America (In re Greene)*, 2011 WL 864971 (Bankr. E.D. Tenn. Mar. 11, 2011), and affirmed by the United States District Court for the Eastern District of Tennessee (District Court) in its January 17, 2012 Judgment entered in *Bank of America v. Greene*, 2012 WL 124278 (E.D. Tenn. Jan. 17, 2012), is in error and the Bankruptcy Court should have determined – notwithstanding that the Sevier County Register of Deeds voided the Bank's Deed of Trust on March 11, 2009, and completely removed it from the chain of title and any records in the Register's Office – that Bank of America's lien was "notice to the world" under Tennessee law because the Deed of Trust had originally been accepted by the Register's Office and noted for registration.[1]

---

[1] As the basis for its contention that the decisions of the lower courts will be reversed on appeal to the Sixth Circuit Court of Appeals, Bank of America argues that the Bankruptcy and District Courts improperly relied on *Holiday Hospitality Franchising, Inc. v. States Res., Inc.*, 232 S.W.3d 41 (Tenn. Ct. App. 2006), a case concerning a creditor's release of its deed by mistake, and instead cites to *Swepson v. Exch. & Deposit Bank*, 77 Tenn. 713 (Tenn. 1882) and *Flowers v. Wilkes*, 31 Tenn. 408 (Tenn. 1852) as support for its argument. However, as previously held by this court in the Memorandum on Motion for Stay Pending Appeal entered in Adv. No. 10-3038 on April 19, 2011, the facts of
(continued...)

Bank of America's argument, however, is misplaced. The focus of the present Motion for Stay Pending Appeal should be the January 26, 2012 Order authorizing payment of compensation to the Trustee and distribution of estate funds to creditors entered in the Debtors' bankruptcy case ***and not*** the subject of the adversary proceeding for which the court previously denied a stay pending appeal in an Order entered on April 19, 2011. Instead, as pointed out by the court in its bench opinion on January 26, 2012, given at the conclusion of the hearing on Bank of America's Objection to Trustee's Final Report and Applications for Compensation, Bank of America, in its Brief in Support of Motion for Stay Pending Appeal and for Approval of Supersedeas Bond, suggests no grounds on which the Trustee's Final Report and the two Applications for Compensation should be disapproved. Rather, Bank of America argues that it expects to succeed on its appeal to the Sixth Circuit of the District Court's affirmance of this court's March 11, 2011 Judgment entered in Adversary Proceeding No. 10-3038. Bank of America does not suggest any error in the Trustee's Final Report nor does it suggest that the compensation sought by the Trustee was not computed in the manner required by 11 U.S.C. § 326(a), that the Trustee's attorneys did not perform the services itemized on Exhibit A attached to the Application for Compensation by the Attorney for the Trustee filed on December 6, 2011, that the time spent by the attorney was excessive, or that the hourly rate charged is not consistent with the lodestar rate charged by bankruptcy and non-bankruptcy attorneys in this district.

---

[1](...continued)
"[t]he cases cited by the Defendant . . . are inapposite to" those in the adversary proceeding because "[i]n each of those cases, the record is indisputable that the documents in question had actually been noted in ***and remained noted*** in the respective registers' books. . . . . [Conversely,] in this case, there is no notation in the Sevier County Register of Deeds' book for deeds of trust – or in any other notation book kept by the Sevier County Register of Deeds – containing the information required by Tennessee statute: 'the names of the grantors, grantees, the time of receipt (date, hour and minute) and the fees received.'" *Newton v. Bank of Am. (In re Greene)*, 2011 WL 1500120, at *3 (Bankr. E.D. Tenn. Apr. 19, 2011) (quoting TENN. CODE ANN. § 8-13-108(a)(3) (Supp. 2010)).

In summary, with respect to the January 26, 2012 Order, Bank of America has not presented any facts or offered any argument as to the likelihood that it will prevail in its appeal of that Order to the District Court. To repeat, the entirety of Bank of America's focus as to this factor concerns the District Court's January 17, 2012 Judgment which has been appealed to the Sixth Circuit. While that focus is clearly in line with the Bank's arguments concerning the second factor – that once a distribution is made pursuant to the January 26, 2012 Order, Bank of America's status as an unsecured creditor rather than a secured creditor will be cemented – the fact remains that the Bank has not addressed the likelihood of success prong, and failure to do so is fatal to its request for a stay pending appeal.[2]

Bank of America also seeks entry of a supersedeas bond in the amount of $10,000.00 to stay enforcement of the January 26, 2012 Order pursuant to Rule 62 of the Federal Rules of Civil Procedure. Pursuant to Rule 62, a party may "obtain a stay by supersedeas bond, . . . [which] takes effect when the court approves the bond." FED. R. CIV. P. 62(d). Rule 62 is applicable in adversary proceedings by virtue of Rule 7062 of the Federal Rules of Bankruptcy Procedure; however, this

---

[2] Even in consideration of its argument with respect to the irreparable harm factor, the court does not agree that Bank of America will be irreparably harmed by distribution under the January 26, 2012 Order. "When analyzing irreparable harm, courts examine the following factors: '(1) the substantiality of the injury alleged; (2) the likelihood of its occurrence; and (3) the adequacy of the proof provided.'" *Greene*, 2011 WL 1500120, at *3 (quoting *Griepentrog*, 945 F.2d at 154). In this case, under the January 26, 2012 Order, although classified as an unsecured creditor, Bank of America still stands to receive a 53.2 percent dividend equating to $108,474.00 of the $134,780.87 being held by the Trustee for distribution to creditors after payment of expenses of administration. The court does not believe that a pro rata distribution of $26,306.87 to the Debtors' remaining twenty-two unsecured claims rather than to Bank of America constitutes an "irreparable" injury to Bank of America as defined by the Sixth Circuit and the Supreme Court. *See Sampson v. Murray*, 415 U.S. 61, 90, 94 S. Ct. 937, 953, 39 L.Ed.2d 166 (1974) ("The key word in this consideration is *irreparable*. Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough.") (citation omitted); *Griepentrog*, 945 F.2d at 154 ("In order to substantiate a claim that irreparable injury is likely to occur, a movant must provide some evidence that the harm has occurred in the past and is likely to occur again.").

appeal does not stem from an adversary proceeding. Instead, it is a contested matter governed exclusively by Rule 9014 of the Federal Rules of Bankruptcy Procedure which states, in material part:

> (c) **Application of Part VII rules**. Except as otherwise provided in this rule, and unless the court directs otherwise, the following rules shall apply: 7009, 7017, 7021, 7025, 7026, 7028-7037, 7041, 7042, 7052, 7054-7056, 7064, 7069, and 7071. . . . The court may at any stage in a particular matter direct that one or more of the other rules in Part VII shall apply. The court shall give the parties notice of any order issued under this paragraph to afford them a reasonable opportunity to comply with the procedures prescribed by the order.

FED. R. BANKR. P. 9014(c).

Rule 7062, incorporating Rule 62 into adversary proceedings, is not listed among the Part VII Rules applying to contested matters. Rule 7062 was, in fact, expressly omitted from application in contested matters under Rule 9014 by the 1999 amendments. Confirmation of the Judicial Conference's intention to omit Rule 7062 is specifically addressed in the advisory committee notes:

> This rule is amended to delete Rule 7062 from the list of Part VII rules that automatically apply in a contested matter. Rule 7062 provides that Rule 62 F.R.Civ.P., which governs stays of proceedings to enforce a judgment, is applicable in adversary proceedings. The provisions of Rule 62, including the ten-day[3] automatic stay of the enforcement of a judgment provided by Rule 62(a) and the stay as a matter of right by posting a supersedeas bond provided in Rule 62(d), are not appropriate for most orders granting or denying motions governed by Rule 9014.

> Although Rule 7062 will not apply automatically in contested matters, the amended rule permits the court, in its discretion, to order that Rule 7062 apply in a particular matter, and Rule 8005 gives the court discretion to issue a stay or any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest. In addition, amendments to Rules 3020, 4001,

---

[3] Effective December 1, 2011, the ten-day stay of Rule 62 was increased to 14 days.

> 6004, and 6006[4] automatically stay certain types of orders for a
> period of ten days, unless the court orders otherwise.

Fed. R. Bankr. P. 9014 Adv. Comm. Notes.

*Webb Mtn, LLC v. Exec. Realty P'ship (In re Webb Mtn, LLC)*, 414 B.R. 308, 338 (Bankr. E.D. Tenn. 2009).  Because the court has found that Bank of America is not entitled to a stay of the January 26, 2012 Order, likewise, the court will not, pursuant to the discretion afforded it under Rule 8005, expand application of Rule 9014(c) to encompass Rule 7062 and thus allow Bank of America to post a supersedeas bond and accomplish what it cannot otherwise prove entitlement to.  Furthermore, even were Rule 62 deemed applicable, the court doubts that a stay of the January 26, 2012 Order can be obtained by a supersedeas bond because Rule 62

> "entitles a party who files a satisfactory supersedeas bond to a stay of money judgment as a matter of right." *Arban v. West Publ'g Corp.*, 345 F.3d 390, 409 (6th Cir. 2003) (citations omitted). "Courts have restricted the application of Rule 62(d)'s automatic stay to judgments for money because a bond may not adequately compensate a non-appealing party for loss incurred as a result of the stay of a non-money judgment." *Hebert v. Exxon Corp.*, 953 F.2d 936, 938 (5th Cir. 1992). In other words, the applicability of Rule 62(d) turns on whether the judgment involved is monetary or non-monetary.

*Titan Tire Corp. of Bryan v. United Steel Workers of Am., Local 890L*, 2010 WL 815557, at *1 (6th Cir. Mar. 10, 2010).

In summary, as is clearly evidenced by the expedited issuance of this Memorandum opinion, Bank of America's Motion for Emergency/Expedited Consideration filed on January 26, 2012, will

---

[4] Rules 3020, 4001, 6004, and 6006 apply a 14-day stay to orders confirming a Chapter 9 or 11 plan (Rule 3020(e)), orders granting a motion for relief from the automatic stay (Rule 4001(a)(3)), orders authorizing the use, sale, or lease of property of the estate other than cash collateral (Rule 6004(h)), and orders authorizing a trustee to assign an executory contract or unexpired lease (Rule 6006(d)).  Each of these Rules, utilizing the identical language, provides that the underlying order is "stayed until the expiration of 14 days after the entry of the order, unless the court orders otherwise."  Fed. R. Bankr. P. 3020(e), 4001(a)(3), 6004(h), and 6006(d).  Prior to the December 1, 2011 amendments, the stay was 10 days.

be granted, and for the reasons set forth herein, the Motion for Stay Pending Appeal filed by Bank of America on January 26, 2012, will be denied.

An Order consistent with this Memorandum will be entered.

FILED: January 31, 2012

                BY THE COURT

                */s/ RICHARD STAIR, JR.*

                RICHARD STAIR, JR.
                UNITED STATES BANKRUPTCY JUDGE